# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Civil Action No. 17-cv-01956-CMA-NYW

CARLOS G BRITO,

    Plaintiff,

v.

JP ANTLERS LLC, a Colorado limited liability company, and
WYNDHAM HOTELS AND RESORTS, LLC, a Delaware corporation; a Wyndham Hotel *d/b/a* The Antlers,

    Defendants.

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

This matter is before the Court on Defendants' Motions to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. ## 13, 22.) For the reasons discussed herein, the Court denies the Motions.

## I.   BACKGROUND

Plaintiff Carlos G. Brito is paraplegic and requires the use of a wheelchair to ambulate. (Doc. # 1 at ¶ 12.) Defendants JP Antlers, LLC and Wyndham Hotels and Resorts, LLC ("Defendants," collectively) own and operate a hotel, located at 4 S. Cascade Avenue, Colorado Springs, Colorado 80203 ("Premises"). (Doc. # 1 at ¶¶ 5–8.) On August 14, 2017, Plaintiff commenced this suit seeking injunctive relief under Title III of the Americans with Disabilities Act ("ADA"), after encountering "multiple

violations of the ADA that directly affected his ability to use and enjoy" the Premises "on or about April 24–25, 2017."  (Doc. # 1 at ¶ 13.)  Plaintiff contends he lives near the Premises, has frequented the area for "pleasure purposes," and intends to return within four months from the date of filing his Complaint.  (Doc. # 1 at ¶ 15.)

On October 12 and November 8, 2017, Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (Doc. ## 13, 22[1].)  Defendants argue for dismissal because, they allege, Plaintiff failed to exhaust his administrative remedies and lacks standing.  The Court addresses each argument in turn.

## II.  ADMINISTRATIVE EXHAUSTION UNDER TITLE III

Defendants argue the Court lacks subject-matter jurisdiction because Plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 12188, which, Defendants contend, requires Plaintiff to give notice of the alleged violations to the Colorado Civil Rights Coalition ("CCRC") thirty days before filing his Complaint.  Plaintiff's failure to give notice is uncontested.

Title III of the ADA provides that "[t]he remedies and procedures set forth in section 2000a-3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability."  42 U.S.C. § 12188(a)(1).  In turn, 42 U.S.C. § 2000a-3(a) provides that an aggrieved individual may bring "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order."  § 2000a-(3)(a).  Defendants propose that, although not expressly referenced in

---

[1] Defendant Wyndam Hotels and Resorts, LLC filed a one-page motion that merely incorporates the arguments and legal authority of Defendant JP Antlers LLC's motion.  (Doc. # 22.)

2

§ 12188(a)(1), Title III plaintiffs are also subject to the notice requirement in § 2000a-3(c), which provides:

> [N]o civil action may be brought under subsection (a) of [§ 2000a–3] before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

42 U.S.C. § 2000a-3(c).

Courts are split on whether § 2880a-3(c) is incorporated into Title III by way of § 12188(a)(1), i.e. whether notice is required before filing suit under Title III. Some courts have held that pre-suit notice is not required. *See, e.g.*, *Botosan v. Paul McNally Realty*, 216 F.3d 827 (9th Cir. 2000); *Iverson v. Comsage, Inc.*, 132 F. Supp. 2d 52 (D. Mass. 2001); *Disabled in Action of Metro. New York v. Trump Int'l Hotel & Tower*, No. 01-cv-5518, 2003 WL 1751785 (S.D.N.Y. Apr. 2, 2003); *Love v. Omni Netherland Plaza Hotel*, No. 1-00-700, 2001 WL 1842450 (S.D. Ohio May 10, 2001); *Zimmerman v. GJS Grp., Inc.*, No. 2-17-cv-00304, 2017 WL 4560136 (D. Nev. Oct. 11, 2017). Other courts have held otherwise—that pre-suit notice is required under Title III. *See, e.g.*, *Spicer v. Auraria Campus Bookstore*, No. 12-cv-00245, 2012 U.S. Dist. LEXIS 28295, at *4 (D. Colo. Mar. 5, 2012); *Tanner v. Wal-Mart Stores, Inc.*, No. 99-44-JD, 2000 WL 620425 (D.N.H. Feb. 8, 2000); *Snyder v. San Diego Flowers*, 21 F. Supp. 2d 1207, 1208-11 (S.D. Cal. 1998); *Mayes v. Allison*, 983 F. Supp. 923, 924-25 (D. Nev. 1997). Indeed, courts in this District are divided. *Compare Howard v. Cherry Hills Cutters, Inc.*, 935 F. Supp. 1148, 1150 (D. Colo. 1996) (*Howard I*) (notice required under Title III); *Howard v. Cherry Hills Cutters, Incorporated*, 979 F. Supp 1307, 1308-09 (D. Colo. 1997) (*Howard*

3

II) (affirming *Howard I*); *Lillard v. Sunflower Farmers Mkt., Inc.*, No. 12-cv-1497-JLK, 2012 WL 5936543 (D. Colo. Nov. 27, 2012) (notice required under Title III); *Jones v. Reg'l Transp. Dist.*, No. 10-cv-01535-JLK, 2010 WL 3341205 (D. Colo. Aug. 23, 2010) (same) with *Mize v. Kai, Inc.*, No. 17-cv-00915-NYW, 2017 WL 5195203 (D. Colo. Nov. 9, 2017) (notice not required); *Abreu v. Tavin Food, Inc.*, No. 16-cv-00432-MEH (D. Colo. Nov. 14, 2016) (same); *Frederick v. Coffee House Holdings, Inc.*, No. 17-cv-00409-MEH, 2017 U.S. Dist. LEXIS 75857, at 13 (D. Colo. May 11, 2017) (same). The Tenth Circuit has not yet addressed the issue.[2]

In support of its argument that notice is required, Defendants rely on a series of cases decided by the Honorable John L. Kane. First, in *Howard I*, Senior Judge Kane held, "By making § 2000a-3 applicable to enforcement actions under 42 U.S.C. § 12188, Congress has imposed a state law exhaustion requirement on disabled individuals seeking to enforce their rights under Subchapter III of the ADA." 935 F. Supp. at 1150. Judge Kane affirmed this holding in *Howard II*, and further explained his reasoning in *Lillard*, 2012 WL 5936543, wherein he concluded that the plain language of 42 U.S.C. § 12188 compels this construction. He explained:

> 42 U.S.C. § 12188(a)(1) states, 'the *remedies and procedures* set forth in . . . 42 U.S.C. 2000a-3(a) are the *remedies and procedures* of this title.' (emphasis added). Section 2000a-3(a) sets forth the *remedies* and authorizes aggrieved parties to commence a civil action for injunctive

---

[2] The Tenth Circuit has, however, concluded that Title II of the ADA lacks any requirement that a plaintiff exhaust her Equal Employment Opportunity Commission (EEOC) administrative remedies before bringing suit. *Elwell v. Oklahoma ex rel. Bd. of Regents of Univ. of Oklahoma*, 693 F.3d 1303, 1309 (10th Cir. 2012); *accord Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 638 (4th Cir. 2016) (holding the EEOC exhaustion requirement under Title I does not apply to Titles II and III).

4

> relief. Section 2000a-3(c) sets forth the *procedure* for commencing a civil action and imposes a pre-suit notice requirement on claims for relief under § 2000a-3.
>
> If Congress intended only to incorporate the . . . remedies, and not the procedures, it would have excluded the word 'procedures' from 42 U.S.C. § 12188(a)(1). Accordingly, §2000a-3(a) is, in turn, limited by the notification requirement of § 2000a-3(c). . . .

*Lillard*, 2012 WL 5936543, at *1.

More recently, in *Mize*, 2017 WL 5195203, United States Magistrate Judge Nina Y. Wang respectfully disagreed with Judge Kane's statutory interpretation of 42 U.S.C. § 12188(a)(1). Turning again to the plain language of the statute and endeavoring to enforce it as written, Magistrate Judge Wang concluded:

> § 12188(a)(1) is clear and unambiguous—it incorporates *only* § 2000a-3(a), not the *entirety* of § 2000a-3. . . . Indeed, there is no mention of § 2000a-3(c) in § 12188(a)(1), and there is no basis in the legislative history or otherwise to implicitly incorporate § 2000a-3(c). *Botosan*, 216 F.3d at 832 ("[T]he statute's legislative history, the Code of Federal Regulations, . . . and the Department of Justice's Technical Assistance Manual generally support the conclusion that Title III actions do not require state notification.").

2017 WL 5195203. Several other courts in this District have reached this same conclusion, likewise reasoning that, because § 12188(a)(1) does not, by its express terms, incorporate the administrative procedures set forth in § 2000a-3(c), those remedies are not required under Title III. *See, e.g.*, *Colo. Cross Disability Coal. V. Hermanson Family Ltd. P'ship I*, 1997 WL 33471624, at *2–6 (D. Colo. Mar 3, 1997) ("[T]he ADA does not, by its express terms, incorporate the portions of the Civil Rights Act of 1964 that require exhaustion of administrative remedies."); *Frederick*, 2017 U.S.

5

Dist. LEXIS 75857 at *13 (holding that "a Title III disability claimant need not exhaust administrative remedies before filing a lawsuit.").

Having thoroughly considered the issue, the Court agrees with the line of cases concluding that Title III does not require administrative exhaustion. This interpretation is consistent with the prominent cannon of statutory construction *expression unius est exclusion alterius*—to express or include one thing implies the exclusion of the other, or the alternative." *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1308 (10th Cir. 2003). Indeed, to hold that the entirety of § 2000a-3 is adopted by § 12188(a)(1), even though it makes express reference only to § 2000a-3(a), would impermissibly render superfluous that explicit textual reference. *See Freytag v. Commissioner of Internal Revenue*, 501 U.S. 868, 877 (1991) (The court must avoid, "whenever possible, a statutory interpretation that would "render superfluous other provisions in the same enactment.").

Accordingly, the Court concludes that the exhaustion requirement set forth in § 2000a-3(c) does not apply to claims brought under § 12188(a)(1) of Title III. The Court therefore denies Defendants' request to dismiss Plaintiff's claim for lack of administrative exhaustion.

### III. STANDING

Turning to standing, the Court finds unpersuasive Defendants' argument that Plaintiff has failed to adequately plead an injury-in-fact and that his complaint must, therefore, be dismissed.

Motions to dismiss for lack of standing pursuant to Rule 12(b)(1) can come in the form of either a facial attack to the allegations of the complaint or a factual attack. *See Cunningham v. Univ. of N.M. Bd. of Regents*, 531 Fed. Appx. 909, 914 (10th Cir. 2013). With a facial attack, as here, courts consider only the factual allegations of the complaint, accepting them as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Further, standing must be analyzed from the facts as they existed at the time the complaint was filed. *See Friends of the Earth*, 528 U.S. at 184. Where the district court dismisses an action for lack of jurisdiction, the dismissal must be without prejudice. *Martinez v. Richardson*, 472 F.2d 1121, 1126 (10th Cir.1973) ("It is fundamental . . . that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore . . . must be without prejudice.").

Article III of the United States Constitution restricts the federal courts to the adjudication of "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1; *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). The standing inquiry ensures that a plaintiff has a sufficient personal stake in the dispute to ensure the existence of a live case or controversy that renders judicial resolution appropriate. *See Allen v. Wright*, 468 U.S. 737, 750–51 (1984).

To establish Article III standing, a plaintiff must show that: (1) he has suffered an "injury in fact"; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by the relief requested. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180 (2000). For the purposes of this motion to dismiss, Defendants contend only

that Plaintiff cannot satisfy the first element of standing—injury in fact. To establish the "injury in fact" element, a plaintiff seeking prospective relief (as opposed to retrospective relief) is required to show an injury that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004). The plaintiff must be suffering a continuing injury or be under a real and immediate threat of being injured in the future. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02, 107 n. 8. The threatened injury must be "certainly impending" and not merely speculative. *See Tandy*, 380 F.3d at 1283. A claimed injury that is contingent upon speculation or conjecture is beyond the bounds of a federal court's jurisdiction. *See Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990).

Injury-in-fact here depends on Plaintiff establishing a likelihood that he will return to Defendant's Premises. Courts consider the following factors in determining whether an ADA plaintiff's likelihood of returning to a defendant's business is sufficient to confer standing: (1) the proximity of the business to plaintiff's residence, (2) the plaintiff's past patronage of the business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant. *See, e.g.*, *Disabled Patrons of Am. v City of Trenton*, No. 073165, 2008 WL 4416459 (D.N.J. Sept. 24, 2008); *Kramer v. Midamco*, 656 F. Supp. 2d. 740, 748 (N.D. Ohio 2009); *D'Lil v. Stardust Vacation Club*, No. S-00-1496, 2001 WL 1825832, at *3 (E.D. Cal. Dec. 21, 2001); *Harty v. 42 Hotel Raleigh, LLC*, No. 5:10-cv-60, 2011 WL 1252877, at *3 (E.D.N.C. Mar. 30, 2011); *Brooke v. Choice Hotels Int'l, Inc.*, No. 3:16-cv-00310, 2016 WL 2594070, at *3 (S.D. Cal. May 5, 2016); *Walker v. Asmar Ctr., LLC*, No. 11-11745, 2011 WL 5822394, at *3

(E.D. Mich. Nov. 15, 2011); *Flaum v. Colonial Williamsburg Found.*, No. 4:12cv111, 2012 WL 5879128, at *3 (E.D. Va. Nov. 21, 2012).

At this stage in the proceedings, all four factors weigh in Plaintiff's favor. With respect to the first factor, Plaintiff alleges that he is "domiciled in the same county as the Premises." (Doc. # 1 at ¶ 15.) Accepting this allegation as true, Plaintiff's domicile is proximate to the premises. Moving to the second factor—Plaintiff's past patronage—Plaintiff alleges he "has frequented the [Premises] for pleasure purposes." Plaintiff specifically states he "visited [the Premises] on or about April 24–25, 2017 . . . as a hotel guest" and encountered many barriers to access. (Doc. # 1 at ¶¶ 13–15) These allegations, taken as true, are sufficiently concrete to support a particularized injury.

With respect to the third element—his plans to return—Plaintiff alleges an intention "to return to the property to avail himself of the goods and services offered to the public . . . within four (4) months' time" and "wishes to continue his patronage and use of the [P]remises in the near future." (Doc. # 1 at ¶¶ 14–15, 17.) These statements setting forth a specific timeframe suggest an actual and present plan to return to the premises. *Colorado Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211 (10th Cir. 2014) (statements that Plaintiff "intend[s] to . . . return" and that she "will likely be going . . . at least six times per year" were sufficiently concrete). Moreover, Plaintiff's assertions are not rendered implausible by the distance between the premises and his home. *See id.* (considering the distance between plaintiff's residence and defendant's business when assessing the concreteness of her plans to return). Finally, the last factor weighs slightly in Plaintiff's favor; he states that he "has frequented the

area . . . for pleasure purposes." (Doc. # 1 at ¶ 15.) This statement, which the Court must accept as true, is sufficient to defeat dismissal under Rule 12(b)(6).

The standing requirement is designed to guarantee that plaintiffs have a sufficient personal stake in the outcome of a dispute to render judicial resolution of the dispute appropriate. Based on the above factors, the Court has concludes that, at this early stage in the proceedings, Plaintiff has presented a sufficient personal stake in the outcome of this case to make judicial dismissal of his Complaint inappropriate.

## IV. <u>CONCLUSION</u>

Based on the foregoing, the Court DENIES Defendants' Motions to Dismiss. (Doc. ## 13, 22.)

DATED: January 8, 2018                BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge